IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALAA YACOUB ABDALFATAH ABUDAYYA,[1]

    Petitioner,

v.

                                    Civil Action No. 3:26cv262

GEFFREY CRAWFORD, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Alaa Yacoub Abdalfatah Abudayya ("Petitioner"), proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) In his § 2241 Petition, Petitioner challenged his detention by Immigration and Customs Enforcement ("ICE") and seeks his release from custody. (ECF No. 1, at 7.)[2] By Memorandum Opinion and Order entered on April 27, 2026, the Court granted the § 2241 Petition to the extent that it ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). (ECF Nos. 5, 6.) The Court ordered Respondents to file a status report with this Court within three (3) days after Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial. (ECF No. 6, at 1.)

On May 1, 2026, the Government filed a Notice indicating that "[t]he Immigration Court held a bond hearing for petitioner on April 28, 2026, at which time bond was granted in the amount of $20,000." (ECF No. 8, at 1.)

---

[1] The Clerk is DIRECTED to update Petitioner's name on the docket as reflected above.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Petitioner's submissions.

On May 1, 2026, Petitioner filed a "MOTION TO ENFORCE HABEAS ORDER OR, IN THE ALTERNATIVE, FOR A NEW BOND HEARING" (the "Motion to Enforce"). (ECF No. 7.) On May 26, 2026, Petitioner filed a new Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Second § 2241 Petition"). (ECF No. 9.) On June 2, 2026, Petitioner filed "PETITIONER'S MOTION TO ENFORCE THE COURT'S HABEAS ORDER AND FOR IMMEDIATE RELIEF" (the "Second Motion to Enforce"). (ECF No. 10.) As discussed below, the Court DENIES the Motion to Enforce and Second Motion to Enforce. The Second § 2241 Petition is not properly before the Court, and in any event, Petitioner's new claim lacks merit.

## I. Factual and Procedural Background

### A. Factual Background

The § 2241 Petition contained very little factual information. However, Petitioner attached records that explain more about his situation. Petitioner was born in Jordan, most recently lived in the West Bank, and is a native of Palestine. (ECF No. 1-2, at 4.) Petitioner experienced attacks by both the Palestinian security forces, Hamas, and the Israeli military and fled the country on November 8, 2024. (ECF No. 1-2, at 3–4, 8.) On December 8, 2024, Petitioner entered the United States on a B2 Visa that expired on May 7, 2025. (ECF No. 1-2, at 4.) Petitioner applied for asylum on an unspecified date for himself, his wife, and his two children. (ECF No. 1-2.) According to Petitioner, his asylum was granted, but the Government appealed because Petitioner has been arrested twice in the City of Richmond for suspected involvement in drug trafficking but cooperated with the FBI. (ECF No. 1-2, at 11; ECF No. 1-3, at 2; ECF No. 1-5; ECF No. 1-6.) Petitioner contends that he was never convicted. (ECF No. 1, at 9.)

Petitioner was taken into immigration custody on November 13, 2025. (ECF No. 1, at 6.)

2

## B. **Procedural Background**

On April 2, 2026, the Court received the instant Petition. (ECF No. 1.) On April 10, 2026, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025). (ECF No. 3.) The Court further ordered that, if Respondents indicated that the factual and legal issues presented in the Petition did not differ in any material fashion from those presented in *Duarte Escobar*, "each of the substantive filings in [*Duarte Escobar* would] be incorporated into this habeas proceeding, and this Court [would] issue a ruling without further filings from the parties." (ECF No. 3, at 1–2.)

On April 16, 2026, Respondents filed a Notice in response to the Court's April 10, 2026 Order. (ECF No. 4.) In the Notice, Respondents "submit[ted] that the factual and legal issues presented in the instant habeas petition [did] not differ in any material fashion from those presented in *Duarte Escobar*," and that "consistent with [the Court's] recent order," Respondents contended that "this Court should incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 4, at 1.) By Memorandum Opinion and Order entered on April 27, 2026, the Court incorporated the parties' merits briefing in *Duarte Escobar* into the record, and the Court granted the § 2241 Petition to the extent that it ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). (ECF Nos. 5, 6.) The Court explicitly stated that: "The Court further ORDERS that at that hearing, Respondents SHALL bear the burden of showing that Petitioner is a danger or a flight risk by clear and convincing evidence." (ECF No. 6, at 1.)

3

As explained above, on May 1, 2026, the Government filed a Notice indicating that "[t]he Immigration Court held a bond hearing for petitioner on April 28, 2026, at which time bond was granted in the amount of $20,000." (ECF No. 8, at 1.)  Petitioner then filed his various motions challenging his bond determination.

## II.  Motions to Enforce

### A.  Petitioner's Motions

In the Motion to Enforce, Petitioner contends in relevant part:

> Following this Court's order in my habeas case, the Immigration Court conducted a bond hearing.  At that hearing, the Immigration Judge found that I was a flight risk.  However, that finding was not supported by clear and convincing evidence, as required by this Court's order.
>
> The Immigration Judge also set bond at **$20,000**, an amount far beyond my financial ability to pay.  The Immigration Court did not meaningfully consider my inability to pay, my prolonged detention of more than six months, my lack of criminal convictions, my family and community ties, or my stable residential address with my family.
>
> I do not pose a danger to the community.  I have no criminal convictions in the United States.  I have strong family ties, and I am the sole provider for my wife and children, who depend on me for their daily and medical needs.

(ECF No. 7, at 1.)

In his Second Motion to Enforce, Petitioner provides similar arguments:

> 2.  Following this Court's order, the Immigration Court conducted a bond hearing and determined that Petitioner presented a risk of flight.  However, the evidence relied upon did not satisfy the clear-and-convincing-evidence standard required by this Court.
>
> 3.  The reasons cited in support of the flight-risk finding consisted primarily of minor traffic violations and the fact that Petitioner's wife and children were not listed on his residential lease agreement.  These facts do not constitute clear and convincing evidence that Petitioner is likely to abscond or otherwise evade future immigration proceedings.
>
> 4.  Despite the absence of evidence sufficient to satisfy the Court's standard, the Immigration Court imposed a bond amount beyond Petitioner's financial ability to pay, effectively resulting in continued detention.

4

(ECF No. 10, at 1.)[3] Petitioner asks the Court to enforce its prior order, release him, or order a new bond hearing. (*See* ECF No. 7, at 1; ECF No. 10, at 2.)

### B. The Court's Authority to Review a Discretionary Bond Determination

This Court holds a very limited ability to review Immigration Judge's denial of bond. The Court may not reweigh the substantive merits of an Immigration Judge's discretionary bond determination. 8 U.S.C. § 1252(a)(2)(B)(ii); § 1226(e); *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006) (explaining that "federal district courts have no jurisdiction to review the Attorney General's discretionary decision to deny bond") Section 1226 provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." § 1226(e). This statute "plainly divests . . . the Court of authority to review the decision of an immigration judge . . . regarding detention, release, or the grant, revocation or denial of bond or parole under § 1226(a) or (b)." *Hatami*, 467 F. Supp. 2d at 641 (quoting *Galvez v. Lewis*, 56 F. Supp. 2d 637, 641 (E.D. Va. 1999)). The Immigration and Nationality Act ("INA") also bars judicial review of any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in [their] discretion." § 1252(a)(2)(B)(ii).[4] Instead, if a detainee

---

[3] Petitioner also argues that his ongoing detention, and his "continued deprivation of liberty imposes substantial hardship and raises serious due process concerns . . . ." (ECF No. 10 ¶ 6.) The Court addresses this different claim in conjunction with its discussion of the Second § 2241 Petition.

[4] The Court recognizes that it may review a constitutional challenge to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018); *Miranda v. Garland*, 34 F.4th 338, 351–53 (4th Cir. 2022). However, that is not what Petitioner raises here. At most, as relief, Petitioner states that he wants the Court to "[o]rder a new bond hearing consistent with due process." (ECF No. 7, at 1.) However, Petitioner did not raise a specific due process challenge to his bond hearing. The closest Petitioner comes is to argue that the Immigration Judge did not use the "clear and convincing" standard in determining that he was a flight risk. However, according to Petitioner, the Immigration Judge provided reasons—traffic violations and his family not being

5

"is not satisfied with the immigration judge's decision . . . [the detainee] may appeal [bond and custody determinations] to the Board of Immigration Appeals for . . . review." *Miranda v. Garland*, 34 F.4th 338, 346–47 (2022) (citing 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3)).

### C. Petitioner Asks the Court to Reweigh the Bond Amount

Here, unlike other cases where Immigration Judges have denied detainees bond, Petitioner asks the Court to reweigh the substantive merits of the Immigration Judge's discretionary determination to *grant* him bond, arguing that he is unable to afford the bond set at $20,000. That is impermissible. The Court may not revisit an Immigration Judge's decision to grant or deny bond. "Thus, where, as here, petitioner challenges only the decision to [grant] bond under the statute, § 1226(e) precludes judicial review." *Hatami*, 467 F. Supp. 2d at 641 (citations omitted). The Court may not second-guess the substantive merits of the Immigration Judge's decision to grant Petitioner bond at $20,000. *Cf. Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (explaining that "§ 1226(e) precludes jurisdiction over claims that an [Immigration Judge], exercising his statutorily-delegated discretion 'set an excessively high bond amount'" (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008))). Rather, Petitioner's remedy is to seek review of the bond determination with the Board of Immigration Appeals. Accordingly, the Court DENIES the Motion to Enforce, (ECF No. 7), and Second Motion to Enforce, (ECF No. 10).

---

included on his residential lease, (ECF No. 10, at 3), and importantly, Petitioner was granted bond. Petitioner truly seeks this Court to lower his bond amount or release him because he disagrees with the Immigration Judge's decision to set bond so high. This Court may not review the grant of discretionary bond hearing on non-constitutional grounds simply because Petitioner finds it unfair.

### III.  Second § 2241 Petition

On May 26, 2026, Petitioner filed a Second § 2241 Petition.  (ECF No. 9.)  Petitioner's Second § 2241 Petition was not accompanied by the appropriate motion to amend.  Therefore, Petitioner did not seek leave to amend to file the Second § 2241 Petition, as he must under Federal Rule of Civil Procedure 15.  *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave").  For that reason alone, the Second § 2241 Petition is not properly before the Court.  Nevertheless, the Court has reviewed the Second § 2241 Petition and finds that it fails to entitle Petitioner to any additional relief.

First, much of the Second § 2241 Petition echoes the claim he made in his Motions to Enforce Judgment that the bond amount is too high and that he wants the Court to reduce it to $1,500.  (*See* ECF No. 9, at 6–7.)  That claim has already been addressed by the Court.  However, Petitioner also contends that "in case no # 3:26-cv-262, the Court did not consider my prolonged detention which is more than 6 months."  (ECF No. 9, at 6.)

In his § 2241 Petition, Petitioner did not specifically challenge the length of his detention, emphasizing instead the fact of his detention without a bond hearing.  However, the Court generously construes Petitioner to argue that he has been detained for an impermissibly long period while his removal proceedings are ongoing.  As discussed below, the case law addressing when an individual has been detained for an impermissibly long period provides that the remedy for such detention is an ordered bond hearing.  Here, Petitioner has already had a bond hearing where he was granted bond.

In *Portillo v. Hott*, 322 F. Supp. 3d 698 (E.D. Va. 2018), the Court set forth a five-factor balancing test to determine whether detention during the pendency of removal proceedings was

7

prolonged and a substantial burden on the petitioner's liberty interest. *Id.* at 707. The Court explained that "the most important factor" of the test was the length of detention. *See id.* The Court concluded that fourteen months was prolonged and amounted to a substantial burden on the petitioner's liberty interest on due process grounds and *ordered the Government to provide the petitioner with a bond hearing. Id.* at 708. Courts in the Eastern District of Virginia have found periods of over one year to be too prolonged to detain an individual *without providing for a bond hearing. See Abreu v. Crawford*, No. 1:24-cv-01782 (MSN), 2025 WL 51475, at *5 (E.D. Va. Jan. 8, 2025) (citing cases and finding twenty-five months in immigration detention under § 1226(c) *without a bond hearing* to violate due process); *Mauricio-Vasquez v. Crawford*, No. 1:16-cv-01422 (AJT/TCB), 2017 WL 1476349, at *4–5 (E.D. Va. Apr. 24, 2017) (*ordering bond hearing* after fifteen months); *Haughton v. Crawford*, No. 1:16-cv-634 (LMB/IDD), 2016 WL 5899285, at *9 (E.D. Va. Oct. 7, 2016) (*ordering bond hearing* after twelve months). The Court has already ordered Respondent to provide Petitioner a bond hearing. During the bond hearing, Petitioner was granted bond. Thus, Petitioner had already received the relief he would obtain if his argument about an impermissibly prolonged detention prevailed. Accordingly, Petitioner's challenge to his length of detention is moot. Accordingly, the Court DENIES the Second § 2241 Petition. (ECF No. 9.)

8

## IV.  Conclusion

The Court DENIES the Motion to Enforce Order, (ECF No. 7), the Second Motion to Enforce Order, (ECF No. 10), and the Second § 2241 Petition, (ECF No. 9).  The Court DISMISSES this action.

An appropriate Final Order shall issue.

Date: 8/6/26
Richmond, Virginia

_____/s/_____
M. Hannah Lauck
Chief United States District Judge